UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____

DAVID BENSON

                Plaintiff,

v.                                       Case No.: _____

JO-ANN V FISHERIES, LLC, and               **JURY TRIAL DEMANDED**
f/v JO-ANN V (Official # 1038917),
its engines, fishing gear, fishing permits,
bunkers and appurtenances, etc., in rem

                Defendants.

_____

### VERIFIED COMPLAINT UNDER SPECIAL RULE FOR SEAMAN TO SUE WITHOUT SECURITY AND PREPAYMENT OF FEES (28 U.S.C. § 1916) WITH DEMAND FOR JURY TRIAL

Plaintiff, DAVID BENSON, sues Defendants JO-ANN V FISHERIES, LLC, in personam, and the f/v JO-ANN V, a 1997 steel hulled fishing vessel, Official Number 1038917, its engines, fishing gear, fishing permits, bunkers and appurtenances, etc. ("Vessel"), in rem alleging as follows:[1]

### SUMMARY OF THE CASE

1.      The f/v JO-ANN V is used as a trawler meaning it unspools a net off a drum located at its stern into the water.  When the net fills with fish, it is spooled back onto the drum and brought aboard.  A net full of fish is heavy and when it gets near the

---

[1]      This lawsuit is about a person.  He had hopes and expectations for his life that were changed by the injuries he suffered as a crewmember aboard the fishing vessel JO-ANN V.  In this way, the undersigned law firm refers to him by his given name, David.  This use of Plaintiff's given name is not done casually or with disregard for the seriousness of these proceedings.  To the contrary, it's meant to highlight that this lawsuit concerns one of the most serious actions we believe a Court hears on the civil side . . . an action involving allegations of personal injury.

vessel, it's mechanically lifted and positioned over the deck, the net bottom is untied and the fish spill out for sorting.

     2.     The f/v JO-ANN is unusual in that it is equipped with two net drums as shown by the two arrows in Image # 1.  This double net drum arrangement means that when the net on the starboard drum is used, it needs to be mechanically tugged across the deck and over to the Vessel's port side so the fish can be unloaded onto the conveyor.



Image # 1

     3.     On or about October 10, 2023, a net loaded with fish was spooled back aboard on the starboard drum and as it was being positioned over the deck for unloading, David was handling the line that when tugged opens the net bottom releasing the fish.

     4.     As a result of Defendants' negligence and fault, the line David was holding tightened suddenly crushing his hand against the net drum and causing multiple fractures.  David required surgery and now must suffer with external fixation, infection

risks, months of healing, months of physical therapy and an uncertain future.  Image # 2 depicts David's hand following his most recent surgery.



Image # 2

5.      Despite the seriousness of David's injuries and despite this law office having given written notice to Defendant Jo-Ann V Fisheries, LLC of the need for David to immediately receive Cure, no response has been received.  This is not acceptable and leaves David, a crewmember injured in the service of the vessel, without his legal rights.

6.      It is against this background that this lawsuit is filed.  David seeks all his legal rights and remedies and seeks all damages to which he is entitled.

THE PARTIES, JURISDICTION AND VENUE

7.      Plaintiff, David Benson, is a 52-year-old U.S. citizen who maintains his permanent residence in the State of Rhode Island.

8.     Defendant f/v JO-ANN V (Official # 1038917), its engines, fishing gear, fishing permits, bunkers and appurtenances, etc., in rem, is a commercial fishing vessel ("Vessel").

9.     The Vessel is approximately 81 feet long and made of steel.

10.    The Vessel was built in or around 1996.

11.    The Vessel is regularly operated in the navigable waters of Rhode Island and is or will, upon information and belief, be within the territorial jurisdiction of the United States District Court for the District of Rhode Island during the pendency of this action.

12.    Defendant Jo-Ann V Fisheries, LLC ("JAV Company") is a foreign business entity organized and existing under the laws of the State of New York and engaged in the commercial fishing business.

13.    JAV Company maintains its principal place of business in Montauk, New York, and is amenable to service by way of its registered agent Charles J. Payne, 33 Private Road, Montauk, NY 11954.

14.    At all times material hereto, JAV Company owned the Vessel.

15.    At all times material hereto, the Vessel is a "vessel" as defined by Title 1 U.S.C. § 3.

16.    On information and belief, JAV Company procured marine insurance for the Vessel which provides insurance coverage for David's claims.

17.    On information and belief, JAV Company employed David as crew aboard the Vessel including on or around October 10, 2023.

18.    At all times material hereto, the crew aboard the Vessel were acting within the course and scope of their employment.

19.    On information and belief, on or about October 10, 2023 JAV Company agreed to pay David remuneration for his work aboard the Vessel.

20.    On information and belief, at all times material hereto, JAV Company was the Jones Act employer of the crew serving aboard the Vessel, including the Vessel's Captain and David.

21.    This action is brought pursuant to the Jones Act, 46 U.S.C. § 30104, et. seq. and David invokes the Court's federal question jurisdiction under Title 28 U .S.C. § 1331 to resolve his Jones Act negligence claims.

22.    As this lawsuit involves a matter in controversy that exceeds $75,000.00 and involves citizens of different states, as an alternative basis for jurisdiction, David invokes this Court's diversity jurisdiction under Title 28 U.S.C. § 1332.

23.    David invokes the Court's admiralty jurisdiction under Title 28 U.S.C. § 1333 to resolve his unseaworthiness and Maintenance & Cure claims.

24.    David invokes Rule 9(h) for the limited purpose of using Fed. Rule Civ. P. Supplemental Admiralty Rule C to foreclose his preferred maritime lien(s) against the in rem Defendant Vessel.

25.    On information and belief, at all times material hereto, JAV Company is and was responsible for owning, operating, managing, crewing, equipping and maintaining the Vessel.

26.    JAV Company is subject to the personal jurisdiction of the State of Rhode Island.

27.    Venue in this Court is appropriate pursuant to 28 U.S.C. 1391(b)(1)-(2).

28.    As a Jones Act seaman, David invokes the privileges provided him under Title 28 U.S.C. § 1916 to sue without security and prepayment of fees.

29.    David has fulfilled all conditions precedent for filing this action.

<u>GENERAL ALLEGATIONS ABOUT THE INCIDENT</u>

30.    At all times material hereto, the Vessel was engaged in the fulltime business of harvesting fish in the New England fishery using trawl nets.

31.    The Vessel is about 26 years old.

32.    On or about October 10, 2023, David was ordered to assist in hauling back a trawl net while the Vessel was underway and making way.

33.    The trawl net was spooled back onto a net drum.

34.    The trawl net was laden with about 5,000 pounds of fish.

35.    The trawl net was spooled in on the starboard drum, but it had to be moved to a location at the conveyer located on the Vessel's port side.

36.    The trawl net was mechanically tugged over to the Vessel's port side, and during that process the line David was holding that he would use to open the bottom of the net jerked taunt sucking his hand between the line and net drum crushing his hand.

37.    The crushing injury resulted in David being unfit to perform his regular duties aboard the Vessel.

38.    David's injury required medical care beyond First Aid.

39.    David ultimately had surgery which included the installation of metal to stabilize the fracture.

40.    On information and belief, JAV Company has not filed or submitted a Form CG-2692 (Report of Marine Casualty, Commercial Diving Casualty, or OCS Related Casualty) to the U.S. Coast Guard in connection with David's injury.

41.    On information and belief, JAV Company has not filed or submitted a written report to the State of Rhode Island giving notice of the incident per R.I. Gen. Laws § 46-22-21.

42.    All of the medical treatment David has undergone arising from the incident described herein and such medical treatment he will undergo in the future was and is causally related to the injuries he suffered aboard the Vessel.

43.    David suffered and continues to suffer significant pain, suffering and emotional distress as a result of the incident described herein.

44.    At all times material hereto, JAV Company knew or should have known of the facts supporting the negligence asserted herein including the defects in the Vessel.

45.    At all times material hereto, David exercised due care in the performance of his duties.

46.    Defendants are vicariously liable for the acts and omissions of the Vessel's captain and crew.

47.    David has a preferred maritime tort lien against the Vessel for damages caused by the incident.

48.    David's preferred maritime tort lien is superior to any ship mortgage that may exist against the Vessel.

49.    At all times material hereto, David exercised due care in the performance of his duties.

## COUNT ONE

### UNSEAWORTHINESS CLAIMS AGAINST JAV COMPANY AND THE VESSEL

50.     David reasserts and realleges all of the preceding allegations as if fully set forth herein.

51.     This unseaworthiness cause of action is governed by the federal maritime law of the United States of America.

52.     David demands a jury trial of his unseaworthiness claim in accordance with the Supreme Court's ruling in Fitzgerald v. United States Lines Co., 374 U.S. 16 (1962).

53.     David invokes Supplemental Admiralty Rule C for purposes of arresting the in rem Defendant Vessel and foreclosing his maritime tort lien against the Vessel.

54.     David has a preferred maritime tort lien against the Vessel for the damages he sustained as a direct and proximate result of the Vessel's unseaworthiness.

55.     Under the general maritime law, David is entitled to foreclose his maritime tort lien against the Vessel.

56.     If JAV Company and/or its insurer refuse to post substitute security to stand in lieu of the Vessel's arrest, David will file the necessary motions with the Court to arrest the Vessel and/or will otherwise pursue the arrest and seizure of the Vessel.

57.     At all material times hereto, JAV Company and the Vessel had absolute, non-delegable duties to provide a seaworthy vessel to David, which is reasonably safe and fit for its intended purposes.

58.    On or about October 10, 2023, JAV Company and the Vessel breached their warranty to provide David with a reasonably safe and fit vessel because of one or more of the following defects:

a.    Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

b.    Failure to provide adequate tools, equipment, protective equipment and safety devices;

c.    Failure and negligence of fellow employees;

d.    Insufficient crew;

e.    Failure to properly man the vessel;

f.    Failure to properly train the crew;

g.    Inappropriate hiring, training and retention policies inconsistent with industry practices;

h.    Failure to provide trawl net handling procedures; and

i.    Failures and breaches in other respects as will be shown at trial.

59.    As a result of the incident on or about October 10, 2023, David sustained serious personal injuries and/or aggravation of pre-existing physical conditions the full extent of which is not yet known; has in the past required and will in the future require medical treatment, care and attention; will be obliged to expend monies and incur obligations for medical care and attention; has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; has in the past been, presently is, and will be in the future disabled from performing his usual duties, occupations and avocations and has suffered a loss of past and future earnings.

60.    The serious personal injuries sustained by David were not caused by any fault on his part, but were caused by the unseaworthiness of the Vessel.

61.    David was in the scope of his employment as a seaman at the time he sustained his serious personal injuries.

62.    The Vessel's unseaworthiness directly and proximately caused David to sustain damages consisting of, among other things, past and future medical expenses, past and future lost wages, loss of future earning capacity, past and future pain, suffering and loss of enjoyment of life, permanent physical impairment and disfigurement.

63.    David's injuries are permanent and continuing in nature.

64.    David demands judgment against the Defendants, jointly and severally, for all of his compensatory damages in an amount to be determined by a Jury together with interest and costs.

WHEREFORE, Plaintiff, David Benson, moves the Court to provide the following relief:

a.    Issuance of an Order citing all persons having or claiming an interest in the Vessel to file a Claim of Interest and an Answer in this action;

b.    Issuance of an Order directing the Clerk of Court to issue a warrant of arrest in rem for the Vessel, and order the Marshal to arrest the Vessel so it is brought within the Court's jurisdiction;

c.    Declare that David Benson has a preferred maritime tort lien against the in rem Defendant Vessel to pay his damages;

d.    Issuance of an Order instructing the Clerk of Court to accept the Owner's, or its Insurer's, check so that the money necessary to bond the Vessel from arrest is deposited into the Court's registry;

e.     Entry of final judgment in favor of David Benson awarding him all of his compensatory damages in an amount not less than $1,000,000.00 plus interest including prejudgment interest and costs against the <u>in rem</u> Defendant Vessel and the <u>in personam</u> Defendant JAV Company jointly and severally;

f.     Issuance of an Order directing the U.S. Marshal to sell the Vessel and allow David Benson to credit bid up to the full amount of his judgment as part of the maritime lien foreclosure process;

g.     Alternatively, in the event JAV Company posts substitute security, that the Court issue an order directing the Clerk of Court to pay the substitute security to David Benson to help satisfy his judgment and,

h.     For the Court to award such other and further relief it deems just and proper.

## COUNT TWO

### JONES ACT NEGLIGENCE CLAIM AGAINST JAV COMPANY
<u>FOR FAILURE TO PROVIDE A REASONABLY SAFE PLACE TO WORK</u>

65.     David reasserts and realleges all of the preceding allegations as if fully set forth herein.

66.     David demands a jury trial for his Jones Act negligence cause of action.

67.     Upon information and belief, as the actual employer, JAV Company owes a duty of reasonable care to provide David with a safe place to work.

68.     JAV Company is vicariously liable for the acts and omissions of the Vessel's captain and crew.

69.    On or about October 10, 2023, JAV Company breached its duty of reasonable care to provide David with a safe place to work because of one or more of the following acts or omissions:

      a.    Failure to provide adequate tools, equipment, protective equipment and safety devices;

      b.    Failure and negligence of fellow employees;

      c.    Insufficient crew;

      d.    Failure to use due care to provide David with a reasonably safe place in which to perform his work;

      e.    Failure to provide safe trawl net handling procedures;

      f.    Failure to properly train the crew;

      g.    Inappropriate hiring, training and/or retention policies inconsistent with industry practices;

      h.    Unsafe operation of the Vessel and

      i.    Failure and negligence in other respects as will be shown at trial.

70.    JAV Company failed to establish appropriate safety rules and procedures to prevent David's injuries from happening.

71.    At all times material hereto, JAV Company knew or should have known of the facts supporting the negligence asserted herein including the defects in the Vessel.

72.    As a result of the incident on or about October 10, 2023, David sustained serious personal injuries and/or aggravation of pre-existing physical conditions the full extent of which is not yet known; has in the past required and will in the future require medical treatment, care and attention; will be obliged to expend monies and incur obligations for medical care and attention; has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; has in the past been,

presently is, and will be in the future disabled from performing his usual duties, occupations and avocations and has suffered a loss of past and future earnings.

73.     David's serious injuries were proximately caused by and resulted from JAV Company's breach of its duty of reasonable care to provide David with a safe place to work.

74.     David was in the scope of his employment as a seaman at the time he sustained his serious personal injuries.

75.     The serious personal injuries sustained by David were not caused by any fault on his part, but were caused by JAV Company and its agents, servants and/or employees.

76.     As a direct and proximate result of the negligence or fault of JAV Company, David sustained damages consisting of, among other things, past and future medical expenses, past and future lost wages, lost earning capacity, past and future pain and suffering and loss of enjoyment of life, permanent physical impairment, and disfigurement.

77.     David's injuries are permanent and continuing in nature and he will suffer losses and impairment in the future.

WHEREFORE, Plaintiff, David Benson, demands judgment against Defendant JAV Company in personam for all of his compensatory damages in an amount to be determined by a Jury not less than $1,000,000.00 together with prejudgment interest, costs and, such other and further relief as this Court may deem just and proper.

## COUNT THREE

MAINTENANCE & CURE
CLAIM AGAINST JAV COMPANY AND THE VESSEL

78.    David reasserts and realleges all of the preceding allegations as if fully set forth herein.

79.    David demands a jury trial of his Maintenance & Cure claim in accordance with the Supreme Court's ruling in Fitzgerald v. United States Lines Co., 374 U.S. 16 (1962).

80.    David invokes Supplemental Admiralty Rule C for purposes of seizing and arresting the Vessel so as to foreclose his maritime lien for Maintenance & Cure.

81.    "Maintenance" is a daily living allowance that an employer is required to pay a seaman to support the seaman while he is injured and in need of medical treatment.

82.    "Cure" is the payment of medical expenses to treat the seaman's injuries.

83.    JAV Company has a non-delegable duty to investigate, manage and provide David's maintenance and cure until the treating physician(s) unequivocally determines he has reached maximum medical cure.

84.    David was in the scope of his employment as a seaman aboard the Vessel at the time he sustained his serious personal injuries.

85.    As of this filing, David has not received Maintenance & Cure despite incurring daily living expenses and medical costs.

86.    David has made a demand for Cure which demand has not been responded to as of this filing.

87.     As a result of the serious personal injuries described above and which resulted from the incident, David has incurred and will continue to incur expenses for his Maintenance & Cure for which he makes demand that JAV Company pay.

WHEREFORE, Plaintiff David Benson, demands judgment against the Defendant JAV Company and the Defendant Vessel in an amount sufficient to fully and fairly compensate him for Maintenance & Cure, together with costs, interest and reasonable attorney fees as well as such other and further relief as this Court may deem just and proper.

<u>JURY DEMAND</u>

Plaintiff, David Benson, demands a trial by jury on all issues so triable.

// Signature Page and Seaman's Declaration Follow //

Dated:        October 25, 2023
              Newport, Rhode Island

                              Fulweiler llc

              By:    /s/ John K. Fulweiler

                     _____
                     John K. Fulweiler, Esq. (#7876)
                     W.B. Franklin Bakery Building
                     40 Mary Street
                     Newport, RI 02840
                     (401) 667-0977 -- Telephone
                     john@saltwaterlaw.com
                     www.saltwaterlaw.com
                     *Attorneys for Plaintiff*



## <u>SEAMAN'S DECLARATION</u>

Plaintiff, David Benson, was a seaman and claims the benefits of the United

States Code, Title 28, Section 1916 which provides that:

> In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing

is true and correct. Executed on this 25th day of October, 2023.

Fulweiler llc

By:     /s/ John K. Fulweiler
_____
John K. Fulweiler, Esq. (#7876)
W.B. Franklin Bakery Building
40 Mary Street
Newport, RI 02840
(401) 667-0977 – Telephone
john@saltwaterlaw.com
www.saltwaterlaw.com
*Attorneys for Plaintiff*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, David Benson, declare and state under penalty of perjury that the foregoing is true and correct:

1.      I make this Declaration based on personal knowledge.

2.      I have read the foregoing Verified Complaint and know the factual contents stated therein to be true to the best of my knowledge and belief and as to those facts alleged on information and belief, I have a reasonable basis for believing them to be true.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Dated:      October 25, 2023
            Wakefield, Rhode Island

David Benson