UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID BENSON,                                    :
            Plaintiff,               :
                                                 :
    v.                                           :     C.A. No. 23-00441-MSM-PAS
                                                 :
JO-ANN V FISHERIES, LLC, and                     :
f/v JO-ANN V (Official #1038917),                :
its engines, fishing gear, fishing permits,      :
bunkers and appurtenances, etc., in rem          :
            Defendants.              :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      The motion (ECF No. 12) of Plaintiff David Benson ("Plaintiff") to compel compliance with the deposition subpoena served on a non-party witness, Neil Stoddard, is granted in part and denied in part as follows.

**I.     BACKGROUND**

      Neil Stoddard is an Accredited Marine Surveyor and marine casualty investigator with Maritime Claims Associates, LLC.  He has no first-hand percipient knowledge of the discoverable facts underlying the claims and defenses in this admiralty case arising from the hand injury Plaintiff suffered while working onboard the Vessel Jo-Ann V.

      Mr. Stoddard initially was engaged by Defendants'[1] insurer to perform a routine investigation of Plaintiff's claim for maintenance and cure.  Maintenance and cure are duties that arise without regard to negligence or culpability.  See Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 527 (1938).  Consistent with applicable law, Defendants do not assert work-product protection

_____

[1] Defendants are the Vessel owner, Jo-Ann V Fisheries, LLC, and the Vessel itself.

for this pre-litigation aspect of Mr. Stoddard's work.  Providence Piers, LLC v. SMM New England, Inc., C.A. No. 12-532S, 2014 WL 11532189, at *4 (D.R.I. Mar. 25, 2014) (overruling work-product objection to producing "reports . . . ordered by the non-attorney adjusters immediately upon learning of the claim and before the engagement of counsel").

As of October 27, 2023, this litigation was filed, the complaint was served, and Defendants had engaged their attorneys.  ECF No. 17 ¶¶ 8-10.  Within days of being engaged, no later than October 31, 2023, defense counsel was in direct communication with Mr. Stoddard to coordinate his conducting an investigation for the purpose of assessing liability and defenses under the Jones Act and general maritime law, including to inspect the Vessel and interview the captain.  Id. ¶ 12.  Following initial communication (including a conversation) with defense counsel, Mr. Stoddard conducted the inspection of the Vessel and the captain's interview.  See id. ¶¶ 11-13.  Defense counsel spoke again with Mr. Stoddard about what remained to be done in terms of Defendants' investigation of Plaintiff's claims.  Id. ¶ 13.  Mr. Stoddard sent an email summary of the first phase of the investigation to defense counsel; he followed the email summary with a formal report sent to defense counsel.  Id. ¶ 14.  Since October 27, 2023, defense counsel has continued to coordinate Mr. Stoddard's investigation.  Id. ¶ 13.  Plaintiff was afforded an opportunity to inspect and photograph the Vessel, which he has done, and has conducted a videotaped deposition of the captain.  Id. ¶¶ 15-16.

Plaintiff argues[2] that, because he is asking only for a deposition of Mr. Stoddard to question him about his communications with defense counsel and his recollection of what he

_____

[2] Plaintiff also argues that his motion should be granted because Mr. Stoddard's information is not protected by the attorney client privilege.  While this argument may be well-founded, it is beside the point because the Court's focus is on the protection afforded by the work-product doctrine.  As the Supreme Court emphasized in Hickman v. Taylor, 329 U.S. 495 (1947), the work-product doctrine is specifically intended to protect information that is not covered by the attorney client privilege.  Id. at 508 ("memoranda, statements and mental impressions in issue in this case fall outside the scope of the attorney-client privilege and hence are not protected from discovery on that basis").

observed during the investigation, the results of which he communicated to defense counsel, the protection of Fed. R. Civ. P. 26(b)(3), which applies only to "documents and tangible things," is not applicable. Plaintiff also contends that Defendants' work product is not appropriate for protection based on his speculation that defense counsel's communications with Mr. Stoddard were "humdrum logistical-type communications." ECF No. 18 at 2. Notably, Plaintiff has not moved to compel production of Mr. Stoddard's summary of the investigation or his report, both of which he provided to defense counsel, or any notes or recordings that were used to prepare the summary and the report. As Plaintiff conceded during the hearing, this is because he expects he would be "in the same spot" in that he would have to overcome Defendants' assertion that such documents are protected by the work-product doctrine. Further, Defendants persuasively point out that Plaintiff has had full access to the Vessel and pertinent witnesses and was able to take a videotaped deposition of the captain, undermining his ability to show substantial need. On sur-reply, Plaintiff has pivoted, arguing that he needs the Stoddard deposition to support his "subsequent demand for production of the recorded interview Neil Stoddard conducted of Captain Gallagher," but fails to explain how or why. Id. at 5.

## II.  LAW AND ANALYSIS

In the circumstances presented here, Defendants' engagement of their defense attorneys on October 27, 2023, triggered work-product protection for the mental impressions, interviews, statements, memoranda and correspondence that the attorneys developed in the course of preparing their defense of this litigation. Hickman v. Taylor, 329 U.S. 495, 508-11 (1947). As expanded by the Supreme Court in United States v. Nobles, 422 U.S. 225 (1975), this federal

---

Because the discovery sought is not permitted due to the work-product doctrine, the Court need not consider any other possible privileges.

common law protection extends to the agents of the attorney, such as to the testimony of an investigator like Mr. Stoddard regarding his recollection of the investigation.  Id. at 238-40 (work-product protection would have sheltered questioning of investigator engaged by attorney, except that work-product protection was waived by attorney's decision to call his own investigator as a witness).  This Court has recently applied the work-product doctrine in an admiralty case to prevent the production of a recorded interview taken by Mr. Stoddard as a marine investigator because, similar to the circumstances in the instant case, Mr. Stoddard's investigation was coordinated by defense counsel and was conducted after Mr. Stoddard communicated with defense counsel.  Ansay v. Hope Fisheries, Inc., C.A. No. 1:20-CV-0478-MSM-LDA, 2022 WL 3541878, at *2-3 (D.R.I. Aug. 18, 2022).  In Ansay, the Court noted Mr. Stoddard's averment that the specific questions asked during the interview were based both on his professional expertise and on his "conversation with defense counsel."  Id. at *3.

The application of the work-product doctrine is governed by federal law.  In re Dairy Farmers of Am., Inc., No. 09 C 3690, 2014 WL 12775681, at *2 (N.D. Ill. Mar. 12, 2014); Providence Piers, LLC, 2014 WL 11532189, at *3.  The protection of the work-product doctrine "is distinct from, and broader than, the attorney-client privilege."  In re Dairy Farmers of Am., Inc., 2014 WL 12775681, at *2.  As conceived by the Supreme Court, the work-product doctrine broadly protects "an attorney's litigation materials from discovery to prevent lawyers from free riding on rival counsel's preparation."  In re Black Diamond Min. Co., LLC, 507 B.R. 209, 216 (E.D. Ky. 2014) (citing Nobles, 422 U.S. at 237).  This purpose is also the underpinning for the narrower protection afforded by Fed. R. Civ. P. 26(b).  See Fed. R. Civ. P. 26(b) advisory committee's notes to 1970 amendment ("[T]he requirement of a special showing for discovery of trial preparation materials reflects the view that each side's informal evaluation of its case should

4

be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side."). Thus, the work-product doctrine is "designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation." Wolt v. Sherwood, 828 F. Supp. 1562, 1568 (D. Utah 1993) (internal quotation marks omitted).

Importantly, the more limited protection in Fed. R. Civ. P. 26(b)(3) – covering "documents and tangible things" – "does not displace the broader common law work product doctrine." Rickards v. Corizon Health, Inc., No. 2:18-cv-00384-LEW, 2019 WL 2344130, at *1-2 (D. Me. June 1, 2019); see F.D.I.C. v. Nash, No. 97-CV-187, 1998 WL 34061514, at *4 (D.N.H. Sept. 25, 1998) ("[o]ral communications of attorney work product, although not included within the work product doctrine of Rule 26(b), are protected by the broader scope of federal common-law work product doctrine under Hickman").  Thus, although the Rule limits the doctrine to "documents and tangible things," Fed. R. Civ. P. 26(b)(3), a deponent may not be asked questions that would reveal a lawyer's mental impressions, conclusions, opinions, or legal theories concerning the litigation.  Diemer v. Fraternal Ord. of Police, Chicago Lodge 7, 242 F.R.D. 452, 458 n.9 (N.D. Ill. 2007).  For example, in In re Linerboard Antitrust Litig., 237 F.R.D. 373 (E.D. Pa. 2006), the court declined to permit a deposition to explore work product-protected information because the party seeking the deposition intended it as a mechanism to circumvent the work-product doctrine.  Id. at 376.

Unlike the attorney client privilege, work-product protection is qualified and cannot be used to shield facts from discovery.  As the Supreme Court held in Hickman, production of work-product materials that cannot be obtained elsewhere – for example, written statements of witnesses who are no longer available – may be ordered.  329 U.S. at 511-12.  This limitation is

codified in Fed. R. Civ. P. 26(b)(3), which provides that work product must be produced if the claimant "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  However, once work-product protection has been established, the burden to overcome it rests on the party seeking the materials to establish not only that what is sought are merely facts (rather than opinions or mental impressions), but also that the claimant has a substantial need and the absence of a substantial equivalent for the material.  Havener v. Gabby G. Fisheries, Inc., 615 F. Supp. 3d 1, 6 (D. Mass. 2022).

Based on the foregoing, the Court finds that Defendants have met their burden of demonstrating that, as of October 27, 2023, work-product protection attached to the communications between defense counsel and Mr. Stoddard regarding the coordination of the investigation performed in aid of counsel's assessment of liability and defenses, as well as to the fruits of the investigation, including Mr. Stoddard's recollection of his observations, his questions (presumably based on his professional experience and his communications with defense counsel), and the answers to his questions, as reflected in any notes or recordings, as well as in his summary and his final report.  See Ansay, 2022 WL 3541878, at *2-4 (because Mr. Stoddard's interview of mate "was performed as a joint effort with defense counsel in the anticipation of personal injury claims," recorded statement of mate is protected by work-product doctrine).  Further, although a party may overcome work-product protection if he can show both a substantial need and that, without undue hardship, he cannot obtain the substantial equivalent by other means, Plaintiff has failed to demonstrate either substantial need or the inability to obtain the equivalent as to Mr. Stoddard's communications with defense counsel coordinating the investigation or as to Mr. Stoddard's recollections of the resulting investigation, summary and

report.  See generally Ansay, 2022 WL 3541878, at *3.  To the extent that Plaintiff's deposition of Mr. Stoddard is intended to seek such work-product-protected information, the motion to compel is denied.

### III.    CONCLUSION

Based on the foregoing, to the extent that Plaintiff seeks to depose Mr. Stoddard regarding his knowledge of Plaintiff's right to maintenance and cure, the motion to compel (ECF No. 12) is GRANTED.  However, before proceeding with such a deposition, the parties are directed to meet and confer regarding whether the expense of such a deposition would be "proportional to the needs" of this case, particularly where Defendants have already provided Plaintiff with pertinent documents.  See Fed. R. Civ. P. 26(b)(1).  Otherwise, all matters regarding which Plaintiff seeks to question Mr. Stoddard became known to him in the course of deploying his experience as a marine casualty investigator to investigate on behalf of Defendants' attorneys for the purpose of assisting in their preparation of the defense of this litigation and are therefore protected by the common law work-product doctrine established by the Supreme Court in Hickman, which Plaintiff has failed to sustain his burden to overcome.  To that extent, the motion to compel is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 14, 2024